447 So.2d 638 (1984)
Bennie SIMMONS, Plaintiff-Respondent,
v.
HOPE CONTRACTORS, INC., et al., Defendants-Relators.
No. 84-178.
Court of Appeal of Louisiana, Third Circuit.
March 27, 1984.
*639 Robert L. Picou, Jr., Houma, for defendants-relators.
Brittain & Williams, Jack O. Brittain, Natchitoches, for plaintiff-respondent.
Michael J. Maginnis of McGlinchey, Staffard, Mintz & Cellini, New Orleans, for defendant-respondent.
Before FORET, CUTRER and KNOLL, JJ.
PER CURIAM.
The defendant-relator, Hope Contractors, Inc., seeks supervisory writs from an interlocutory judgment of the trial court denying relator's exception of improper venue.
The plaintiff, Bennie Simmons, filed suit in Natchitoches Parish against relator and Odeco, Inc., alleging that he sustained injuries while aboard the vessel, The Southern Cross. At the time of the accident the vessel was working in the waters of the Gulf of Mexico off the shores of Terrebonne Parish, Louisiana.
Relator is a domestic corporation with its principal office in Terrebonne Parish, Louisiana. Odeco, Inc. is a foreign corporation domiciled in the State of Delaware, with its principal office in New Orleans, Louisiana.
Relator filed an exception of improper venue. Subsequently, Odeco, Inc. filed an answer. The trial court denied the exception of improper venue ruling that the suit could proceed in Natchitoches Parish. The trial court's ruling provides in pertinent part as follows:
"Plaintiff filed suit on July 19, 1983, for personal injuries sustained in an accident in international waters off the coast of the State of Louisiana. The plaintiff named as defendants Hope Contractors, Inc. and ODECO, Inc., asking that damages be awarded in solido against defendants.

"On August 3, 1983, Hope Construction, Inc. filed an exception of improper venue. On August 15, 1983, ODECO, Inc. filed an answer.
"Article 73 of the Louisiana Code of Civil Procedure provides that:

`An action against joint or solidary obligors may be brought in any parish of proper venue.'
"When ODECO, Inc. filed an answer without objecting to the venue, Natchitoches Parish became the parish of proper venue.

"The exception of improper venue is therefore overruled and Hope Construction, Inc. is given until February 3, 1984 to file any further pleadings."
Relator seeks immediate relief.[1]

ON THE MERITS
Louisiana Code of Civil Procedure Article 42 provides in pertinent part:
"The general rules of venue are that an action against:

* * * * * *
(2) A domestic corporation, or a domestic insurer, shall be brought in the parish where its registered office is located.
* * * * * *

*640 (4) A foreign corporation licensed to do business in this state shall be brought in the parish where its principal business establishment in the state is located, as designated in its application to do business in the state."

Under the above article, venue is not proper in Natchitoches Parish for either relator or Odeco, Inc. However, when Odeco, Inc. filed an answer it waived its right to object to venue. LSA-C.C.P. art. 925.
The general rules of venue provided in art. 42 are subject to the exceptions provided in LSA-C.C.P. articles 71 through 85 and otherwise provided by law. LSA-C.C.P. art. 43. However, since the exceptions are in derogation of a common right, they must be strictly construed and the party claiming the benefits of an exception must bring itself within the exception. Hawthorne Oil & Gas Corp. v. Continental Oil, 377 So.2d 285 (La.1979). Louisiana Code of Civil Procedure art. 73 provides in pertinent part:

"An action against joint or solidary obligors may be brought in any parish of proper venue under article 42, as to any obligor who is made a defendant."
Therefore, the issue is whether or not one party can retroactively waive an objection which is personal to another party.
Relator contends that the phrase in LSA-C.C.P. art. 73, "any parish of proper venue, under Article 42," establishes that domicile will determine the parish of proper venue for individuals. For corporations the principal place of business or registered office will determine venue. Relator argues that the source of art. 73 is the former code of practice art. 165(6), which states:
"When the defendants are joint or solidary obligors, they may be cited at the domicile of any of them."
It is relator's contention that this reference indicates that domicile is still the essential factor in determining proper venue. Relator cites as authority for its argument the case of Alpha v. Rose, 171 La. 753, 132 So. 222 (1931). The court stated:
"Subdivision 6 of article 165, C.P., does not say that where a court has obtained jurisdiction of one joint obligor, it shall thereby have jurisdiction of the other; what it does say is that joint defendants may be cited at the domicile of either of them."
In conclusion relator contends that it should not be forced to litigate a suit in a venue where none of the defendants are domiciled or have their principal place of business or registered office.
A review of the jurisprudence reveals that this issue is de novo. We find that, to establish venue under art. 73, the place of filing suit must be a proper venue under art. 42 of one of the solidary defendants. In the present case, Natchitoches Parish is not a proper venue under art. 42 for either relator or Odeco, Inc. The only reason that Odeco, Inc. is subject to the venue of Natchitoches Parish is by its waiver of its right to object to venue.
Further, the defendants are solidary obligors only by operation of law; therefore, the obligors had no selection as to whom they were to be bound. We find that it would be error to force a party to litigate a suit in an improper venue due to the waiver of its rights by another party over whom it had no control in selecting.
For these reasons, the writ shall be granted and made peremptory. The judgment of the trial court denying the exception of improper venue of defendant-relator, Hope Contractors, Inc., is reversed. The exception of improper venue filed by relator is hereby sustained. The suit is dismissed without prejudice as to this defendant. The suit is hereby remanded to the trial court for further proceedings according to law.
WRIT GRANTED. REVERSED AND REMANDED.
NOTES
[1] The requirement of irreparable injury is met in this case in light of Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981).