537 So.2d 1238 (1989)
Leroy ARTIGUE, Individually and as Administrator of the Estate of Gayle Ann Artigue and Rosalie Richard Artigue
v.
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, and Arnold P. Alper, M.D., et al.
No. 88-CA-0892.
Court of Appeal of Louisiana, Fourth Circuit.
January 17, 1989.
*1239 John M. Gallagher, Jr., New Orleans, for plaintiffs/appellees.
Chester A. Fleming, III, Boggs, Loehn & Rodrigue, New Orleans, for defendants/appellants.
Before CIACCIO, LOBRANO and WILLIAMS, JJ.
LOBRANO, Judge.
This is an appeal from a lower court judgment which overruled defendant's exception of improper venue. Although this appeal is from an interlocutory judgment, and the more appropriate means of review would have been by way of supervisory writs, it has been held that irreparable injury occurs if there is any error in a ruling of this sort. Herlitz Construction Co. Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981); Sales Tax Collector v. Eckco Fabricators, 423 So.2d 1218 (La. App. 5th Cir.1982). We therefore, consider the merits of this appeal. C.C. Pro. Art. 2083.
Plaintiff, Leroy Artigue (Artigue) filed suit in Civil District Court for the Parish of Orleans seeking damages for the alleged wrongful death of his daughter, Gayle Ann Artigue, as a result of defendant's alleged failure to timely or properly diagnose and treat Ms. Artigue who was suffering from acute hepatitis B. Ms. Artigue died at Southern Baptist Hospital on May 1, 1983.
PROCEDURAL HISTORY:
In Artigue's original petition dated March 26, 1987, Dr. Arnold P. Alper, East Jefferson General Hospital (East Jefferson) and St. Paul Fire and Marine Insurance Company (St. Paul), insurer of both Alper and East Jefferson, were named defendants. On May 12, 1987, East Jefferson filed an exception of improper venue pursuant to La.R.S. 13:5104(B).[1]
On May 20, 1987 Alper and St. Paul filed exceptions of Improper Venue and a Motion to Transfer based on East Jefferson's right to transfer to Jefferson Parish pursuant to La.R.S. 13:5104(B), and based on forum non conveniens. Alper argues that since East Jefferson is an indispensable and/or necessary party, the claim against him should also be transferred.
On June 16, 1987, Artigue filed a first supplemental and amended petition naming only Alper as defendant. On June 19, 1987, Artigue filed a voluntary dismissal of East Jefferson.
On July 24, 1987, Alper answered the suit and filed a third party demand against East Jefferson seeking contribution and/or indemnification.
*1240 On August 9, 1987, in response to the third party demand filed by Alper, East Jefferson filed an exception of improper venue and prematurity.
On September 16, 1987, judgment was rendered against Alper on the exception of improper venue and motion to transfer which he had filed May 20, 1987. On November 6, 1987, Alper filed another motion to transfer pursuant to the doctrine of forum non conveniens as it relates to his third party demand against East Jefferson asserting that if East Jefferson's exception of improper venue was granted, then judicial economy mandates that the claim against Alper be transferred to Jefferson Parish.
On January 5, 1988, the trial court granted East Jefferson's exception of improper venue and denied Alper's motion to transfer. It is from this judgment that Alper and St. Paul appeal asserting that it was contrary to the law, and an abuse of discretion for the trial court to deny their motion to transfer when the third party defendant (East Jefferson) is only amenable to suit in the transferee court (Jefferson Parish). Alper argues that "we are faced with [the] prospect of two separate malpractice actions. One brought by the plaintiffs against Dr. Alper in Orleans Parish and a second by Dr. Alper against East Jefferson General Hospital in Jefferson Parish." They urge that this will create piecemeal litigation and cause judicial redundancy. We disagree.
At the outset we note that no appeal has been taken from the trial court's dismissal of the third party demand against East Jefferson Hospital. The correctness of that ruling is not before us.
VENUE:
Article 42 of the Code of Civil Procedure provides, in pertinent part:
"The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides, but is not domiciled in the state, in the parish of his residence."
One exception to the above rule is Article 74 which provides in pertinent part:
"An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages are sustained."
Dr. Alper is a resident of Orleans Parish. His medical office is in Orleans Parish. The allegations of the petition assert that the acts of malpractice which caused Ms. Artigue's death occurred at Alper's office in Orleans Parish. Ms. Artigue died at Southern Baptist Hospital in Orleans Parish.
Therefore under Article 42 or 74 venue is proper in Orleans Parish. However, Alper argues that because East Jefferson is not amenable to his third party demand in Orleans Parish, Article 123 of the Code of Civil Procedure (forum non conveniens) requires transfer of this matter to Jefferson Parish. We disagree for several reasons.
First, Code of Civil Procedure Article 1034 provides that a defendant in an incidental action may not raise an objection of improper venue if the principal action has been instituted in a proper venue. This article is not inconsistent with La.R.S. 13:5104(B). The last phrase of that statute states "... or in the district court having jurisdiction in the parish in which the cause arises." Thus, it is questionable whether third party defendant, East Jefferson Hospital, should have been allowed to raise the issue of improper venue. And certainly Alper cannot indirectly urge that issue as a basis for transferring this matter.
More important however, is the fact that Alper is incorrect in his belief that there will necessarily be a duplicity of lawsuits and a spectre of anomalous results. As a defendant, Alper can certainly raise the affirmative defense that East Jefferson Hospital is totally or partially at fault, even though they are not parties to the litigation. "With the adoption of comparative fault, ... the fault or non-fault, and the percentage of fault attributable to each person whether party to the lawsuit or not, has become relevant in the determination of damages to which an injured plaintiff *1241 is entitled." Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La. 1984), at 1309; see also, La.C.C.Pro. Art. 1812(C)(2).
Alper's third party demand seeks contribution and/or indemnification from East Jefferson Hospital. Asserting a defense which shows that East Jefferson was partially or totally at fault will, in essence, accomplish the same thing. We therefore find that there is no inconvenience or irreparable harm to Alper sufficient to justify transferring this matter to Jefferson Parish. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] La.R.S. 13:5104(B) provides:

"All suits filed against a political subdivision of the state shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause arises." (emphasis added).