547 So.2d 763 (1989)
Kim H. THIBODEAUX, et al.
v.
UNION TANK CAR COMPANY, et al.
No. 89-C-0969.
Court of Appeal of Louisiana, Fourth Circuit.
August 10, 1989.
Rehearing Denied September 12, 1989.
Sidney H. Cates, IV, Marsha M. McKendall, Carter & Cates, New Orleans, for plaintiff/appellee.
Robert E. Barkley, Jr., Arnd N. Von Waldow, Sessions, Fishman, Boisfontaine, Nathan, Winn, Butler & Barkley, New Orleans, for defendant/appellant.
John M. Roper, Exxon Corp., New Orleans, for defendant/appellee.
*764 Before BYRNES, CIACCIO and BECKER, JJ.
BECKER, Judge.
The third party defendant, Union Tank Car Company (U.T.C.) seeks supervisory writs from an interlocutory judgment of the trial court denying relator's exception of improper venue.
Plaintiffs filed a tort claim in Civil District Court for the Parish of Orleans under the Federal Employers' Liability Act (F.E. L.A.) to recover damages sustained as a result of the death of Leon Thibodeaux which allegedly occurred in the scope and course of his employment with Inman Services Company Inc. (Inman). The accident happened in Baton Rouge, Louisiana at the Exxon plant. Plaintiff asserted negligence and strict liability claims against Inman, Exxon, and Kansas City Railroad Company and/or Arkansas Railroad Company as joint and solidary obligors. In its answer to plaintiffs' petition, Exxon asserted a third party demand against U.T.C., the manufacturer of the tank cars which were involved in the accident.
The Louisiana and Arkansas Railroad Company is a Delaware corporation designating Caddo Parish as its principal place of business in Louisiana. Kansas City Southern Railway Company, is a Missouri corporation likewise designating Caddo Parish as its principal place of business in Louisiana. Exxon is a New Jersey corporation designating East Baton Rouge Parish as its principal place of business in Louisiana and UTC is a Delaware corporation having designated the Parish of Evangeline as its principal place of business in Louisiana. Inman Services is immune from tort liability and is liable only for worker's compensation benefits and is not liable in solido with the alleged tortfeasors. LeBlanc v. Inman Service Company, unpub. (La.App. 4th Cir. May 18, 1989); Cripe v. J. D. Haynes, 350 So.2d 956 (La.App.2d Cir.1977). The main defendants answered plaintiffs petition thereby waiving their exception to venue. La.C.C.P. article 44, article 925.[1]
The question propounded is whether an alleged tortfeasor in a main demand, by failing to object to venue, can automatically waive the right of a third party to so object in an incidental demand? We think they cannot.
The pertinent provision of La.C.C.P. article 42 states:
The general rules of venue are that an action against:
(4) A foreign corporation licensed to do business in this state shall be brought in the Parish where its principal business establishment in the state is located as designated in its application to do business in the state.
However, an exception to the general rules of venue are found in L.S.A.-C.C.P. article 73 which reads:
An action against joint or solidary obligors may be brought in any parish of proper venue, under article 42, as to any obligor who is made a defendant. (emphasis added)
A further exception is found in La.C.C.P. article 74 allowing an action for the recovery of damages for an offense or quasi offense to be brought in the parish where the wrongful conduct occurred or the parish where the damages were sustained. In essence, an action in tort may be brought against a foreign corporation either in its designated place of business in Louisiana or in the parish where the injuries occurred or the damages were sustained.
La.C.C.P. article 1034 governs exceptions and motions in incidental actions, as follows:
A defendant in an incidental action may plead any of the exceptions available to the defendant in a principal action, and may raise any of the objections enumerated in articles 925-927, except that an objection of improper venue may not be urged if the principal action has *765 been instituted in the proper venue. (emphasis added)
In the instant matter neither the cause of action nor any of the defendants' designated places of business were Orleans Parish. Although the issue of whether a defendant who waives improper venue can bind a third party defendant in an incidental demand to that venue is de novo, we adhere to the principles our brothers on the Third Circuit delineated in Simmons v. Hope Contractors Inc., 447 So.2d 638 (La.App. 3rd Cir.1984) when they stated in interpreting, La.C.C.P. article 73 as it applied to defendants who were solidary obligors only by operation of law:
We find that it would be error to force a party to litigate a suit in an improper venue due to the waiver of its rights by another party over whom it had no control in selecting. (Id. at 640)
The key words in La.C.C.P. articles 73 and 1034 are proper venue. Here, there was improper venue of every defendant in the main demand, except Inman, who was not a solidary obligor.
Therefore, because there was originally improper venue as to each solidary obligor in the main demand, we find that UTC, as a third party defendant, is not bound by the actions of the main defendants, and its exception of improper venue should have been maintained.
For these reasons, we grant the writ, reverse the trial court's judgment denying the exception of venue by UTC and dismiss the third party demand without prejudice. The matter is remanded to the trial court for further proceedings consistent with this judgment.
WRIT GRANTED.
REVERSED AND REMANDED.
NOTES
[1] Louisiana and Arkansas Railroad Company asserted the venue exception after the Kansas City Southern Railway Company had answered.

The trial court denied this exception because of the close corporate connexity between these two defendants.