553 So.2d 963 (1989)
Susan Moore HABIG
v.
POPEYE'S INC. and/or Popeye's Famous Fried Chicken and Biscuits, Inc., Lamar Berry and Closner Construction Company.
No. 88-CA-1893.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1989.
*964 Frank C. Dudenhefer, Jr., Cummings, Cummings & Dudenhefer, New Orleans, for plaintiff/appellant.
Alonzo T. Stanga, III, Stanga & Mustian, P.L.C., Metairie, for appellee Lamar Berry.
Robert Angelle, Metairie, for defendant/appellee Popeye's, Inc.
Before KLEES, LOBRANO and PLOTKIN, JJ.
LOBRANO, Judge.
Plaintiff, Susan Moore Habig, appeals the granting of exceptions of improper venue in favor of defendants, Lamar Berry (Berry) and Popeye's, Inc. (Popeye's).
This appeal arises out of plaintiff's September 2, 1987 suit for damages involving two incidents which occurred exactly one year earlier at her place of employment, Popeye's Fried Chicken and Biscuits in Ruston, La. Plaintiff named three defendants: Popeye's, Berry (the owner of the Ruston Popeye's franchise), and Closner Construction Co., the contractor who built the restaurant (Closner).
Plaintiff's suit was filed in the Civil District Court for the Parish of Orleans. Berry, who claimed to be domiciled in St. Tammany Parish, and Popeye's, an undisputed domiciliary of Jefferson Parish, each filed exceptions of improper venue. Berry also filed an exception of prescription alleging that plaintiff's suit had been filed improperly on the last day of the one year prescriptive period, and therefore had prescribed. Closner filed an answer, thereby waiving its right to file an exception of improper venue. The trial court upheld the exceptions of improper venue, did not consider Berry's exception of prescription, and dismissed plaintiff's suit against Popeye's and Berry without prejudice.
Plaintiff urges several assignments of error which can be consolidated into the following dispositive issues.
First, did the trial court abuse its discretion in denying plaintiff's motion to continue the hearing in order to conduct discovery.
Second, did the trial court err in concluding Berry was a domiciliary of St. Tammany Parish.
Third, did Closner's answer waive the venue objections asserted by Berry and Popeye's.
Fourth, did the trial court err by dismissing plaintiff's suit rather than transferring it to a court of proper venue.
CONTINUANCE
Plaintiff argues that she was not able to adequately complete discovery prior to the June 24th hearing date on the exceptions and therefore should have been granted a continuance. She urges that discovery done subsequent to the Court's judgment conclusively shows that Berry had a dual residency.[1]
A chronological outline of the procedural history of this case is necessary.
Plaintiff filed suit against Popeye's, Berry and Closner on September 2, 1987 alleging she injured her arm at Popeye's, and that she was subjected to harassment by *965 Popeye's employees. Closner was served on September 9, 1987; Popeye's on September 14th and Berry on October 2nd.
On October 7, 1987 Closner filed its answer. Berry filed exceptions of improper venue and prescription on March 7, 1988. Popeye's filed its venue exception on April 12th. Those exceptions were set for hearing on May 23, 1988.
Plaintiff moved for and obtained a continuance of that hearing on the grounds that additional time was needed to conduct discovery. The hearing was reset for June 24, 1988.
On June 23, 1988 plaintiff sought another continuance on the same grounds. She argued before the trial court (as she does in this court) that numerous other commitments prevented her from conducting the necessary discovery. The trial court refused the continuance.
By judgment dated June 27, 1988 the trial court maintained the venue exceptions.
Code of Civil Procedure Article 1601 provides that "[a] continuance may be granted in any case if there is good ground therefor." Article 1603 provides:
"A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to the case; or that a material witness has absented himself without the contrivance of the party applying for the continuance."
The facts of this case convince us that the issue of a continuance was entirely within the trial court's discretion. La.C. C.P. Art. 1601. The record does not show the Article 1603 "due diligence" by plaintiff's counsel to conduct discovery prior to the hearing. Suit was filed September 2, 1987. The May 23rd hearing was continued a month to allow additional time for discovery. Plaintiff had in excess of nine months from the filing of her suit to complete discovery. The trial court did not abuse its much discretion in denying the continuance.
BERRY'S DOMICILE
The general rule of law with respect to venue is set forth in Code of Civil Procedure Article 42. Paragraph 1 of that article provides, in pertinent part, that an action against "(a)n individual who is domiciled in the state shall be brought in the parish of his domicile." Domicile is determined by two elements, residence and the intent to make that one's principal establishment. La.C.C. Art. 38; Messer v. London, 438 So.2d 546 (La.1983); Taylor v. State Farm Mutual, 248 La. 246, 178 So.2d 238 (1965).
Plaintiff argues that Berry had dual residences in Orleans and St. Tammany Parish, and thus his principal establishment (domicile) could be either parish at the option of the person whose interests are affected, citing Mosely v. Dabezies, 142 La. 256, 76 So. 705 (1917). Plaintiff further argues that the proffered depositions clearly support the "dual" residences of Berry.
First, as noted in footnote one of this opinion, plaintiff filed into the record of this matter as a proffer, various depositions taken two to five months after the judgment was rendered, as well as numerous other exhibits. It is a well settled rule of law which requires no cited authority that we cannot consider evidence which was not properly filed or introduced during the trial court proceedings. The evidence filed by plaintiff in the appeal record is clearly outside the scope of our review and will not be considered by us.[2]
Second, plaintiff's reliance on Mosely, supra, is misplaced. Mosely presupposes equal residences in two places with no evidence of intent to establish a principal establishment in either. In the instant case the evidence presented at the hearing clearly *966 supports the trial court's determination that St. Tammany was Berry's domicile.
Arguably, the evidence shows that Berry may have maintained a residence in Orleans Parish, however, it does not support an intent to make Orleans his domicile. To the contrary, the evidence substantiates his intent to make St. Tammany his domicile. Berry purchased his Covington home at 131 Cherry Laurel Drive in 1984, and moved into it in early 1985. His son attended schools in St. Tammany. He received his bills and bank statements at his Covington home. The Covington property is quite large, and all of his possessions were moved there in the early part of 1985.
In contrast, the property he owned on Louisville Street in Orleans Parish was described as a small cottage. It was purchased in April of 1986 and sold in February of 1988. Berry's stated purpose for purchasing the Orleans property was for investment, and he stayed there on only a few occasions. In fact, noted on the sheriff's return of citation, six attempts were made by the civil sheriff to serve him at that property. Only after a call was made to Berry by the sheriff did they make arrangements to meet at the property so service could be perfected.
Plaintiff places much emphasis on the fact that Berry had a telephone number listed in the New Orleans directory at the Louisville address. However, Berry testified he also has a telephone at a property he owns in Poplarville, Mississippi. It is not uncommon for a person to have more than one telephone listing, and certainly, given the facts of this case does not evidence an intent to establish a domicile in Orleans Parish.
Plaintiff further argues the telephone listings in the New Orleans directory suggests the possibility of a domicile change less than one year before this suit was instituted, thus La.C.C.P. Art. 71 is applicable. That article provides that venue is proper in either parish if brought within a year of the domicile change. We also reject this argument.
Suit was filed September 2, 1987. The record clearly establishes that Berry moved to St. Tammany Parish in January, 1985 and established his domicile there at that time. The Orleans property was purchased in April of 1986, and there is absolutely no evidence to suggest a change of domicile back to New Orleans.
Therefore we conclude the trial court did not error in holding that St. Tammany Parish was Berry's domicile.
WAIVER OF VENUE
Plaintiff asserts that Closner, by filing an answer, waived any objections to venue and thus submitted to the Orleans Parish forum. Therefore, she argues, Berry and Popeye's, as alleged joint tortfeasors liable in solido with Closner, are subject to the venue exception of Code of Civil Procedure Article 73. That article provides that venue is proper as to all solidary obligors if it is proper under Article 42 as to any one of them. We disagree with plaintiff's argument.
Admittedly Closner is a corporation domiciled in Ouachita Parish. By filing an answer they have waived any venue exceptions they had. La.C.C.P. Art. 925. However, their waiver cannot deprive the other defendants from raising an improper venue exception. To do so would result in an injustice since the actions of Closner would remove the defense of improper venue from Popeye's and Berry, the parties entitled to assert it. The issue of whether one defendant's waiver of venue can operate to waive another defendant's rights was recently addressed by this court in Thibodeaux v. Union Tank Car, 547 So.2d 763 (La.App. 4th Cir. 1989).
In Thibodeaux, a third party demand was filed by the main defendant, Exxon, against Union Tank Car. Union Tank Car then filed an exception of improper venue. Relying on Simmons v. Hope Contractors, Inc., 447 So.2d 638 (La.App. 3rd Cir. 1984), writ denied, 518 So.2d 510 (La. 1988) this court held that Exxon's waiver of venue did not preclude UTC from excepting to the venue. We find the following language quoted from the Simmons case by the Thibodeaux court particularly applicable in this case:

*967 "We find that it would be error to force a party to litigate a suit in an improper venue due to the waiver of its rights by another party over whom it had no control in selecting." Thibodeaux, at p. 765.
This reasoning is consistent with the wording of Code of Civil Procedure Article 73 which requires that "venue must be proper under Article 42" as to at least one solidary obligor. Thus, even though Closner waived its venue defense, because they are domiciled in Ouachita Parish, venue under Article 42 is not proper. Therefore, according to its plain wording, La.C.C.P. Art. 73 does not apply to Berry and Popeye's, and hence they are not precluded from excepting to the Orleans Parish venue.
DISMISSAL OR TRANSFER
Alternatively plaintiff argues that even if venue in Orleans is improper, the trial court erred by dismissing the case rather than transferring it to a court of proper venue. We agree.
Code of Civil Procedure Article 121 provides that "[w]hen an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue." In Bank of New Orleans and Trust Co. v. Phillips, 415 So.2d 973 (La. App. 4th Cir.1982), this court set forth guidelines to determine whether a suit should be dismissed or transferred. We stated:
"We find that C.C.P. Articles 44, 925 and 921, when read together, contemplate two different situations. The first situation occurs when the plaintiff does not have sufficient knowledge to ascertain the correct venue or acts upon incorrect knowledge and erroneously files suit in the wrong venue. In this instance, a transfer of venue under Art. 121 is proper. The second situation occurs where the plaintiff knowingly files suit in the wrong venue. In this instance, a dismissal under C.C.P. Art. 121 is proper." Id. at 975.
To the second situation described above, we add the further requirement that defendant bears the burden of proving that plaintiff knowingly filed suit in the wrong venue.
In brief both Popeye's and Berry concede that plaintiff did not knowingly file suit in a court of improper venue. This concession is clearly supported by the record. It is therefore proper for the trial court to transfer this matter in accordance with C.C.P. Art. 121 rather than dismiss it. See, Surridge v. Benanti, 261 La. 282, 259 So.2d 324 (1972).
Accordingly, we reverse that portion of the trial court judgment which dismissed plaintiff's suit and remand with instructions to transfer it to a court of proper venue. In all other respects, the judgment is affirmed.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
NOTES
[1] Plaintiff has filed into the record of this matter, as a "proffer", various depositions taken two months after the judgment was rendered together with numerous exhibits. That evidence is the subject of a motion to strike filed by appellees. We discuss this issue later in this opinion.
[2] Plaintiff terms the evidence as being "proffered". However, that is incorrect terminology as evidence is properly proffered when it is offered into evidence during the trial proceedings, but denied admissibly by the trial judge. At that point it is then proffered. Plaintiff's evidence in this case is merely a supplementation of the appeal record which is clearly prohibited.