WARD, Judge.
We granted writs to consider Patricia Johnson’s complaint that the trial court erroneously amended a judgment after the time for filing any appeal had passed.
This court first considered treating this writ as an appeal, so as not to deprive any part to the right to appeal. However after further reflection we conclude that it would not be proper to do so, and we consider this matter solely as a writ application that asks this court to exercise our supervisory jurisdiction to reverse the trial court action of amending a judgment after time for appeal has expired.
The procedural history is crucial to the resolution of the issues raised by this writ. After Patricia Johnson became delinquent in payments of a credit agreement with the Internal Revenue Federal Credit Union, the Credit Union (IRFCU) turned her account over to a collection agency. Johnson brought her account up to date before she received notice that the collection agency had the account. Johnson refused to pay collection charges of 35%, and IRFCU sued Patricia Johnson to recover the entire amount owed under the credit agreement. Johnson reconvened, alleging IRFCU violated federal law, the Fair Trade Practice Act, 15 U.S.C. § 1640(a)(2), by not giving her monthly statements of the account balance. That act provides for damages and penalties which may be actual damages plus twice the amount of any finance charges, but not less than $100.00 nor more than $1,000.00.
*747 On June 19, 1991, the trial judge rendered judgment in favor of IRFCU on the main demand for the amount then owed plus interest under the contract, and it also rendered judgment in favor of Ms. Johnson on her reconventional demand. The judgment on the reconventional demand awarded Ms. Johnson twice the amount of the finance charges assessed from the date of execution of the credit agreement UNTIL PAID, but in reasons for judgment, the trial judge stated that Ms. Johnson was to be awarded twice the amount of finance charges from the date of the agreement UNTIL THE DATE OF JUDGMENT.
In a letter dated June 21, IRFCU wrote the trial judge to ask that he clear up the discrepancy between the judgment and the reasons for judgment. On August 12, IRF-CU filed a “Supplemental Request for New Trial.” On August 14, the trial judge amended the judgment so that it conformed with the reasons for judgment. On August 19, IRFCU filed a “Second Supplemental Request for New Trial”, which for the first time contended that the fair trade practice law, 15 U.S.C. § 1640(a)(2) limits Johnson’s damages in this case.
At a hearing on the motions for new trial, the trial judge concluded that IRF-CU’s letter of June 21 was not a motion for a new trial, that IRFCU’S “Supplemental Request” of August 12th was not timely filed. But the trial court concluded that when it amended the June 19th judgment on August 14th that this constituted a substantive change in the June 19th judgment, that it did not relate back to it, and the delay for moving for a new trial began to run from the date of the substantive amendment, that is August 14th. The trial court then held that IRFCU’s August 19 “Second Request for New Trial”, filed within ten days of the August 14th amendment, was timely filed.
. Ms. Johnson filed a writ application (91-C-2120) to this court complaining of the trial court’s actions. On October 23, this court granted the writ and ruled that the trial court was without jurisdiction to modify the substance of the June 19th judgment and this court vacated the judgment of August 14.
Ms. Johnson then attempted to collect on the judgment in her favor, and the trial court issued a writ seizure. IRFCU then filed for a temporary restraining order and an injunction to prevent Ms. Johnson from collecting. The trial court issued the restraining order and on January 22, 1992, the trial judge issued a “Clarification of Judgment.”
In that judgment, the trial judge set forth the history of the case and what took place at trial. With regard to the June 19 judgment, the judge stated:
While the Reasons [for Judgment] said “until date of this judgment,” the Judgment contained the phrase “from the date of execution of this agreement, May 9, 1984, until paid.” If the phrasing of the Judgment were to be taken literally, the plaintiff in reconvention could choose to prolong the assessment period indefinitely simply by not paying the amount owed by her to IRFCU. It must be obvious to all parties that the Court did not intend for penalties [sic] to run indefinitely against IRFCU. It is also the Court’s opinion that it must be obvious to all parties that the error was a clerical one; certainly the Court would have no reason to change the phraseology used in the Judgment and the Reasons for Judgment. (Emphasis in original)
Even though the trial judge had previously ruled the IRFCU’S “Second Supplemental Request for New Trial” was timely because the amendment was “substantive”, the trial judge changed his position, and said that he disagreed with this court’s ruling which stated that the August 14 amendment was a substantive one. The judge stated that it was an oversight in proofreading that led to the discrepancy making it a clerical error. The judge noted that both parties have asked for clarification of the judgment, even though Ms. Johnson had sent the judge a letter seeking to withdraw her request for clarification. The trial judge then ruled that he would clarify the judgment pursuant to C.C.P. art. 1951 which permits amendment at any *748 time to change phraseology but not substance, and the judge again amended the judgment rendered in the main demand in favor of IRFCU to give Johnson a credit for the amount previously paid, and a amended the judgment in favor of Ms. Johnson in the reconventional demand, first, by clarifying that she could recover twice the finance charges only until date of the judgment, and secondly, by limiting the amount of the award to $1,000.00 in accordance with 15 U.S.C. § 1640(a)(2).[1] The trial judge also dissolved the TRO and denied IRFCU’s petition for injunction.
Ms. Johnson complains that the trial judge’s clarification of the June 19 judgment was an improper amendment of the substance of the judgment. She argues that had the judge originally intended for the $1,000 limitation to apply, he would have done so when he amended the judgment on August 14, more than six months earlier. She further argues that the trial judge’s actions deprive her of an appeal because the appeal delays had already run by the time of the clarification.
C.C.P. art. 1951 provides:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
Therefore, a judgment may be amended by the court if the amendment takes nothing from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978). But as a general rule, a final judgment is not subject to a substantive amendment on the motion of the trial judge or any party. Gulfco Inv. Group, Inc. v. Jones, 577 So.2d 775 (La. App. 2d Cir.1991). In the absence of a timely motion for new trial, the trial court cannot alter the substance of its judgment after the time allowed for moving for a new trial; and no court can alter the substance of a judgment if no one has perfected an appeal. Mitchell v. Louisiana Power & Light Co., 380 So.2d 743 (La.App. 4th Cir.1980). When a judgment has been substantively amended without the granting of a new trial, the amended judgment is invalid and is not within the purview of Article 1951. O.ME.R. S.p.A. v. Vendredi II, 560 So.2d 34 (La.App. 4th Cir.1990).
Thus the issue is whether the “clarification” of the June 19 judgment which limits Ms. Johnson’s recoverable damages to $1,000 is actually a substantive amendment. If so, that aspect of the “clarified” judgment is invalid because that action was taken long after the delays for moving for new trial and for an appeal had run.
We reverse the trial court judgment and vacate the amendments, reinstating the judgment of June 19th, 1991, first, because this court has previously ruled that the amendments are substantive. Although another panel of this court decided the issue, it is the rule of this case and it must stand until reversed by the Supreme Court. Secondly, we reverse because the trial court granted a new trial only after finding the amendments were substantive. If they were not substantive as the trial court first believed, then IRFCU’S “Supplement Request for New Trial” of August 12th, more than 25 days after judgment, was not timely filed. If IRFCU discovered the error of law after time limitations barred a motion for a new trial, the proper way for it to seek relief would have been to appeal this final ruling. Finally, we reverse because even if the trial court believes it has the right to grant a new trial *749 on its own motion at any time, that decision is always subject to review by an appellate court using an abuse of discretion standard. It is an abuse of discretion to grant a new trial on the motion of the court after a party begins execution of the judgment. If this were not true then a party that executes a judgment does so at its peril for illegal seizures if the trial court grants a new trial.
We reinstate the trial court judgment of June 19, 1991, but we exercise our supervisory jurisdiction to correct an obviously incorrect nonsensical judgment by giving it a common sense interpretation to mean that Patricia Johnson is entitled to twice the finance charges without limitation until June 19, 1991, the date of judgment and judicial interest thereafter on that amount. Whether the limits imposed by statute are exceeded is disputed by all parties, and it is not before us in this writ, and we will not consider it. If an appeal can timely be taken at this time by IRFCU then the issue is reserved for appeal.

. 15 U.S.C. § 1640(a)(2) provides:
(a) Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of-
(1) any actual damage sustained by such person as a result of the failure;
(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, or (ii) in the case of an individual action relating to a consumer lease under part E of this subchapter, 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less that $100 nor greater than $1,000;