662 So.2d 143 (1995)
Jacqueline J. McCREA, et al.
v.
MOBIL OIL CORPORATION, et al.
No. 95-CA-0537.
Court of Appeal of Louisiana, Fourth Circuit.
September 28, 1995.
*145 John F. Olinde, Jose S. Canseco, Douglas L. Grundmeyer, Charles P. Blanchard, Chaffe, McCall, Phillips, Toler & Sarpy, LLP, New Orleans, for Defendant/Appellant (James A. McCauley).
John S. Keller, New Orleans, for Appellees (Jacqueline J. McCrea, et al).
Alvin J. Bordelon, Jr., William C. Ellison, New Orleans, for Defendants/Appellants (Mobil Oil Corp. and William P. Kitts).
Before LOBRANO, ARMSTRONG and WALTZER, JJ.
LOBRANO, Judge.
The judgment which is the subject of this appeal is interlocutory. The trial court granted an exception of venue which transferred a cross-claim to the 34th Judicial District Court, but retained the venue of the principal demand in Orleans Parish. Both the cross-claim defendant and the principal defendants perfect this appeal. Alternatively, because the judgment is interlocutory, they request our review under our supervisory jurisdiction asserting that the judgment will cause irreparable harm.
An interlocutory judgment which causes irreparable harm is subject to this court's appellate jurisdiction. La.C.C.Pro. art 2083. It is well settled that where an exception to the venue is overruled, irreparable harm occurs and the ruling is subject to review by an appellate court, either via appeal or supervisory writs. Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981); Artigue v. St. Paul Fire & Marine Ins. Co., 537 So.2d 1238 (La.App. 4th Cir.1989); Sales Tax Collector v. Eckco Fabricators, 423 So.2d 1218 (La.App. 5th Cir.1982). However, in the instant case, the exception of venue was granted, and plaintiffs-appellees argue that irreparable injury will not result from the ruling. They urge that this court not retain appellate jurisdiction, nor grant supervisory writs, but instead, dismiss this appeal/writ application.
After review of the facts and the unique legal issues presented in this case, we determine review of the trial court's ruling at this time is necessary to avoid the possibility of future harm which may not be remedied by appeal after trial. Therefore, we treat this matter pursuant to our appellate jurisdiction.

PROCEDURAL HISTORY:
In April of 1992, plaintiffs filed suit in Civil District Court against Mobil Oil Corporation and Catalyst Technology, Southeast Division of Catalyst Technology, Inc., (Cat-Tech) seeking damages for the wrongful death of their decedent, Alfred McCrea. The suit was subsequently removed to Federal Court on diversity basis, but then was returned to Civil District Court when several individual *146 defendants, employees of both corporate defendants, were added. Included among the individual-employees was William Kitto, a Mobil employee, and Cat-Tech employee, James McCauley, both appellants herein.[1]
When the suit was returned to Civil District Court in November of 1992, Mobil and Cat-Tech had already filed answers. On August 4, 1993 Kitto also answered. Service on McCauley was not perfected until July 26, 1994. On September 2, 1994 Mobil and Kitto asserted cross claims against McCauley.[2] McCauley responded to the cross claim and the main demand with an exception of improper venue. Shortly thereafter plaintiffs voluntarily dismissed McCauley from the main demand, leaving only Mobil and Kitto's cross claim against him pending. McCauley's venue exception to the main demand was rendered moot. His venue exception to the cross claim was set for hearing December 2, 1994.
Because the exception only involved McCauley, Mobil and Kitto, plaintiffs' counsel was not present for the hearing. A stipulation, which was filed in the record by the parties who were present, makes clear that the accident which is the subject of the lawsuit occurred in St. Bernard Parish; that McCauley was a resident of Baton Rouge; that Kitto was a resident of St. Bernard and that neither Mobil nor Cat-Tech had their principal place of business designations in Orleans Parish.[3] At the conclusion of the hearing, the court remarked, "The case is hereby transferred for proper venue to the 34th J.D.C., St. Bernard Parish. Prepare a judgment to that effect Mr. Canseco" (McCauley's attorney).
The judgment signed on December 2, 1994 provided, in pertinent part:
"IT IS ORDERED, ADJUDGED AND DECREED that, James McCauley's exception of venue is maintained as this lawsuit has been brought in an improper venue;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this lawsuit is hereby transferred to the 34th Judicial District Court for the Parish of St. Bernard...."
Upon receiving a copy of the judgment, plaintiffs' attorney contacted the district judge presumably to question whether she intended to transfer the entire case or only the cross-claim against McCauley. Presumably, plaintiffs pointed out that the venue had been waived by all the defendants to the main demand. As a result, on December 6, 1994 the trial court vacated the December 2nd judgment and rendered judgment as follows:
"After considering the argument of counsel, the evidence introduced at the hearing, the pleadings filed in this matter and the applicable law, this Court maintained James McCauley's exception of venue but only as to the cross-claim. The record reflects James McCauley has previously been dismissed from this lawsuit; exception to this lawsuit as to venue has been waived by all defendants. The portion of the judgment signed on December 2, 1994, transferring this lawsuit to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, is hereby vacated and set aside." (emphasis added)
Shortly thereafter, on December 14, 1994, Mobil's counsel wrote the trial judge complaining of plaintiffs' counsel ex parte communication with the court, and the alteration of the original December 2nd judgment. Counsel requested the trial judge convene a conference for discussion of the judgment which they deemed "erroneous both substantively and procedurally." Two days later, plaintiffs' counsel directed a letter to the trial *147 judge rebutting the arguments in defense counsel's communique. In particular, he relied on this court's decision in Thibodeaux v. Union Tank Car Co., 547 So.2d 763 (La.App. 4th Cir.1989).
The trial judge conducted an in-chambers conference on December 19, 1994 at which all parties were present. As a result, she issued reasons for judgment, in which she stated that "[i]t was never the intent of the court to transfer the entire case and that is why I vacated this judgment." Relying on Thibodeaux, supra, and Habig v. Popeye's, Inc., 553 So.2d 963 (La.App. 4th Cir.1989) she concluded that "Mr. McCauley has timely filed his exception and the court has maintained the exception and transferred the cross-claim to the 34th Judicial District Court for the Parish of St. Bernard."
Mobil, Kitto and McCauley appeal the December 6th judgment. All argue that the judgment improperly and illegally altered the substance of the December 2nd judgment without a motion for new trial being filed and an opportunity to be heard. They further argue that the trial judge erred in transferring only the cross-claim against McCauley to the 34th Judicial District Court instead of the entire lawsuit. Mobil and Kitto seek transfer of the entire suit while McCauley, even though victorious, seeks either dismissal of the cross-claim or transfer of the entire suit.
There are two principal issues for our review. First, whether the December 6th judgment is invalid because of substantive changes by the trial judge in the absence of a new trial hearing. Second, if that judgment is valid, what is the proper disposition of a cross claim admittedly filed in the wrong venue.

VALIDITY OF JUDGMENT OF DECEMBER 6TH:
Appellants argue that because the December 6th judgment altered the substance of the December 2nd judgment, it is in contravention of Code of Civil Procedure Article 1951 and is invalid. They argue that, in the absence of a timely filed motion for new trial, and a contradictory hearing, the court was without authority to alter the December 2nd judgment. Plaintiffs counter with the argument that there was no substantive change in the two judgments; that alternatively, the trial court exercised her discretion and granted a new trial on her own motion which resulted in the December 6th judgment and, further, that Code of Civil Procedure article 1951 only applies to final judgments, not interlocutory judgments such as the one before us.
Code of Civil Procedure article 1951 provides:
"A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation."
In the absence of a timely motion for new trial, a trial court cannot alter the substance of its judgment; and no court can later alter the substance of a judgment if no one has perfected an appeal. Internal Revenue Fed. Cr. Union v. Johnson, 612 So.2d 746, 748 (La.App. 4th Cir.1992). Article 1951 permits a judgment to be amended by the court if the amendment takes nothing from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978).
Although arguably the December 6th judgment appears to make a substantive change to the December 2nd judgment, for the following reasons we find it unnecessary to resolve the "phraseology vs. substance" argument.
First, article 1951 is clear that its application is only intended for final judgments. Code of Civil Procedure article 1841 defines a final judgment as one "that determines the merits in whole or in part" between the parties. An interlocutory judgment does not determine the merits, but only preliminary matters.
The ruling in the instant case (either the December 2nd or the December 6th judgment) is purely interlocutory in nature and does not resolve the merits of the issues between the parties. It is a ruling on an exception of venue and hence is not governed by the requirements of article 1951. Winstead *148 v. Ed's Live Catfish and Seafood, 554 So.2d 1237 (La.App. 1st Cir.1989). Thus, the trial judge was well within her authority to correct her judgment of December 2nd.
Second, even assuming arguendo that article 1951 is applicable, and that there was a substantive change, we still find the December 6th judgment valid. Under Code of Civil Procedure article 1971, "[a] new trial may be granted ... by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only." Appellants complain that there was no new trial motion filed nor a contradictory hearing.
Obviously, the trial judge reconsidered her December 2nd judgment when it was brought to her attention that the judgment could be interpreted as transferring the entire case to St. Bernard Parish, rather than just the cross-claim against McCauley. Although no formal motion for new trial was filed by either party, it is clear the trial judge, ex proprio motu, ordered a new trial to correct the prior judgment. Article 1971 does not require a contradictory hearing on the issue of whether to grant a new trial when the trial judge does so on his own motion. Borras v. Falgoust, 285 So.2d 583, 587 (La.App. 4th Cir.1973). Appellants further argue, however, that they were not afforded a hearing on the merits of the December 6th judgment. We disagree.
The trial judge satisfied appellants' complaints by holding a conference on December 19th. Her reasons for judgment, issued after the conference, make clear that she considered all of appellants' complaints about the December 6th judgment and reaffirmed it as being her intended disposition of McCauley's exception. Appellants' letter of December 14th clearly set forth their position which the trial judge obviously rejected.
Accordingly, we find that the December 6th judgment was properly rendered, and we now consider appellants' arguments on the merits of that judgment.

CORRECTNESS OF THE DECEMBER 6TH RULING:
Ironically, McCauley prevailed on his venue exception, however he still complains that the trial judge should have transferred the entire case to St. Bernard Parish, or alternatively, dismissed him from the lawsuit. Mobil and Kitto, even though admitting that McCauley's venue exception to their cross claim was correct, complain that the entire case should have been transferred.
The gist of appellants' argument in support of transferring the entire case to St. Bernard is that to do otherwise would create a spectra of parallel actions and a waste of judicial time. Mobil and Kitto argue that they will be prejudiced by having to defend a suit in Civil District Court and then having to prosecute a cross claim inextricably tied to that defense in a different jurisdiction. McCauley argues that he may be adversely affected by a judgment rendered in Civil District Court where he will not have participated. That adverse judgment, according to McCauley, would then be used against him in the cross claim proceedings in St. Bernard Parish. He suggests the only practical and just remedy is to transfer the entire case to St. Bernard Parish.
It is undisputed that plaintiffs filed suit in the wrong venue. The accident occurred in St. Bernard Parish and all of the defendants either reside in and/are domiciled in parishes other than Orleans. However, with the exception of McCauley, all of those defendants failed to preserve objections to the venue by making general appearances. La.C.C.Pro. arts. 44 and 925. "When a defendant makes an appearance, all objections which may be raised through the declinatory exceptions [of improper venue] ... are waived unless pleaded therein." La.C.C.Pro. art. 925.
Initially, McCauley was made a defendant to plaintiffs' main demand. However, he was subsequently voluntarily dismissed by plaintiffs. Mobil and Kitto, however, maintained their cross-claim which was promptly met by McCauley's venue exception. It is undisputed that McCauley's exception has merit. He is not a resident of Orleans Parish. Even though Code of Civil Procedure article 1034 provides that a defendant in an incidental action may not raise an objection of improper venue if the principal action has been instituted in the proper venue, *149 this rule of law does not apply where the main defendants waived their venue objections. Thibodeaux v. Union Tank Car Co., supra. The precise issue in Thibodeaux was "whether a defendant who waives improper venue can bind a third party defendant in an incidental demand to that venue...." Id. at 765. Relying on the rationale of Simmons v. Hope Contractors, Inc., 447 So.2d 638 (La. App. 3rd Cir.1984), we held:
"We find that it would be error to force a party to litigate a suit in an improper venue due to the waiver of its rights by another party over whom it had no control in selecting." Thibodeaux, supra at 765, quoting Simmons, at 640.
Unfortunately, in Thibodeaux no issue or argument was raised as to the proper relief to give the third party defendant who was successful in his venue objection. There, the third party demand was dismissed without prejudice. In the instant case, the argument centers on the proper relief to accord McCauley. For the following reasons, we determine that the cross-claim against him should be dismissed without prejudice.[4]
Appellants rely on this court's holding in Habig v. Popeye's Inc., supra, in support of their assertion that transfer of the entire case to St. Bernard Parish is the proper remedy. Habig is distinguishable from the instant case because there, the plaintiff sued three defendants in the wrong venue. One of the defendants waived venue, but the other two objected. Relying on Thibodeaux we first concluded that the waiver by one allegedly solidary obligor would not preclude the others from raising an exception of venue. Relying on Bank of New Orleans and Trust Co. v. Phillips, 415 So.2d 973 (La.App. 4th Cir.1982) we held that because plaintiff did not intentionally sue in the wrong venue, transfer rather than dismissal, was appropriate.
In the instant case, McCauley is not a main defendant. He is a cross (now third party) defendant. The cross claim against him is in the wrong venue. Plaintiffs had no control over that incidental demand and should not be subject to having their suit transferred to another venue. Habig does not support such a result where the improper venue is not the fault of plaintiff, intentional or otherwise. A contrary holding would be tantamount to allowing the main defendants a second opportunity, albeit indirectly, to assert improper venue which they have already waived.
As a practical matter, Mobil and Kitto's cross-claim against McCauley will not be viable unless the plaintiffs are successful in the main demand. If they are successful, Mobil can then file its claim against McCauley for indemnity and/or contribution in a court of proper venue. This obviates the necessity of two different courts simultaneously hearing two claims arising from the same set of operative facts. It also cures any perceived problem of which documents the Clerk of Civil District Court should send to the Clerk in St. Bernard. Of course, if the plaintiffs are unsuccessful, the cross claim is moot.
More important, however, is the fact that neither Mobil and Kitto nor McCauley will be prejudiced by a dismissal of the cross claim. McCauley is an employee of Cat-Tech, a main defendant. Plaintiffs will attempt to prove Cat-Tech at fault by proving negligence on the part of its employee, McCauley. At the same time, Mobil and Kitto will seek to prove at least part of the fault lies with Cat-Tech, again through McCauley's fault. Cat-Tech will certainly defend McCauley's interest with respect to both claims. Even though he is not a party to the lawsuit, McCauley's fault will be vigorously pursued and defended. And, with the adoption of our comparative fault scheme, it will certainly be necessary for the trier of fact to quantify McCauley's negligence. See, Cavalier v. Cain's Hydrostatic Testing, Inc., 94-1496 (La. 6/30/95); 657 So.2d 975.[5] Thus Mobil and Kitto will be permitted to reduce their own fault by proving McCauley at fault. *150 They will not be prejudiced by a dismissal, without prejudice, of their cross claim. McCauley will not be prejudiced since he will be defended by Cat-Tech and any judgment rendered on the main demand will not be binding on him. Cavalier, supra at 981-82. We therefore find it proper to dismiss the cross-claim without prejudice.
For the reasons assigned, we affirm that part of the trial court judgment which granted McCauley's venue exception. We amend the judgment to provide for a dismissal, without prejudice, of Mobil and Kitto's cross claim.
AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] After the case was returned to Civil District Court the other individual-employee defendants were dismissed from the suit by way of summary judgment.
[2] Mobil had previously asserted a cross claim against Cat-Tech while the proceedings were pending in Federal Court. They also asserted a cross claim against another Cat-Tech employee, namely Kenneth Franklin. However, neither Franklin nor the cross claim against him is involved in this appeal.
[3] As more fully discussed, infra, even though venue as to all of the defendants was improper in Orleans Parish, all defendants, except McCauley, waived venue by making general appearances. Mobil, Cat-Tech and Kitto admit this in brief.
[4] Code of Civil Procedure articles 121 and 932 provide that, upon sustaining an exception of improper venue, the trial court may dismiss the action or transfer it to a court of proper venue.
[5] Our Supreme Court specifically noted that the determination of a non-party's fault "is appropriate, as well as necessary, ... when a non-party is a person whose negligence is imputable to the... defendant." at ftn. 3.