ON MOTION TO DISMISS
SCHOTT, Judge.
This is before us on a motion to dismiss the appeal taken by defendants Ray Plauche and American Motorists Insurance Company (AMIC) from a judgment signed on April 25, 1977.
On October 13, 1976, Plauche and AMIC moved for a summary judgment to dismiss plaintiff’s claim against them. On November 5 the trial judge signed a summary judgment dismissing the suit against Plauche only and this judgment contained the following preamble:
“Counsel for plaintiff and counsel for defendants jointly advise the Court that the motion for summary judgment filed by Ray Plauche and American Motorists Insurance Company should be granted in favor of Ray Plauche only and dismissing him, with prejudice, from this lawsuit.”
This judgment had been prepared by defendant’s counsel and sent to the trial judge on November 2 under a covering letter to the judge, stating as follows:
“Counsel for plaintiff, Frank Morris, has advised me that he has no objection to my motion for summary judgment being granted in favor of Ray Plauche. Accordingly, I attach a Judgment for your signature.”
On November 24 plaintiff’s counsel filed a “rule to set aside summary judgment” saying that he was notified that the summary judgment had been granted to Plauche and that he had not consented to such a summary judgment. The trial judge heard oral argument on this rule before both counsel on April 15, 1977, and thereafter signed the judgment now on appeal which set aside the previous summary judgment.
In his observations at the hearing on the rule the trial judge indicated that he believed there was a breakdown of communications and he treated the rule to set aside the summary judgment as a timely motion for a new trial in view of the fact that *416 plaintiffs counsel was not present when the summary judgment was signed and was not given notice of the signing of the judgment.
We agree with the trial judge. The summary judgment signed on November 5 has the same effect as if a trial had been had upon evidence regularly adduced. LSA-C.C.P. Art. 968. Plaintiff had seven days exclusive of legal holidays in which to apply for a new trial, Art. 1974, and this seven day delay never commenced to run for the simple reason that plaintiff was not notified of any hearing being held on the motion for summary judgment and the judgment itself was ex parte out of the presence of both counsel based upon an honest error by the trial judge that both parties had consented, when in fact they had not. Thus, we deem the motion to set aside this summary judgment as a timely motion for a new trial and the judgment appealed from to be a judgment granting a new trial.
The granting of a new trial is not a final judgment and cannot be appealed. Bunge Corporation v. Emmons, 320 So.2d 230 (La.App. 3rd Cir. 1975); Levy v. Stelly, 230 So.2d 774 (La.App. 4th Cir. 1970).
Accordingly, the appeal is dismissed at appellant’s cost.
APPEAL DISMISSED.