380 So.2d 743 (1980)
Albert MITCHELL
v.
LOUISIANA POWER AND LIGHT CO., P & M Roofing Corporation, Fred W. Walton, R. L. Martin & Ass., et al.
No. 10665.
Court of Appeal of Louisiana, Fourth Circuit.
February 7, 1980.
Rehearing Denied March 17, 1980.
*744 Bruno, Bruno & Blouin, New Orleans, Frank S. Bruno, New Orleans, for plaintiff-appellant.
Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, Paul B. Deal, and Darryl J. Foster, New Orleans, for defendant-appellee-appellant.
Before BOUTALL, SCHOTT and HOOD, JJ.
HOOD, Judge.
Plaintiff, Albert Mitchell, sues to recover damages for personal injuries sustained by him when a crane which he was helping to move came in contact with a high voltage electric line. Several defendants were named, but the suit was dismissed as to all of them except P & M Roofing Corporation. After a trial on the merits, judgment was rendered by the trial court on October 16, 1978, in favor of the remaining defendant, dismissing plaintiff's suit. Both parties, plaintiff and defendant, appealed. Defendant also answered the appeal taken by plaintiff.
The record shows that on November 8, 1973, long before the judgment which is now before us on appeal was handed down, a judgment was rendered by the trial court maintaining an exception of prescription and dismissing plaintiff's suit as to the present defendant, P & M Roofing Corporation, at plaintiff's costs. A few weeks after that judgment was rendered plaintiff filed a motion for a new trial and in response to that motion a new trial was granted by the trial court. The case was then tried, and judgment on the merits was rendered by the trial court on October 16, 1978, in favor of defendant, dismissing plaintiff's suit. Appeals were taken by both parties from the last mentioned judgment, and those appeals are before us now. Two separate judgments thus have been rendered in favor of defendant and against plaintiff, dismissing this suit, one of which was rendered on November 8, 1973, and the other was rendered on October 16, 1978. Appeals were taken from the later judgment, but no appeal has ever been taken from the judgment which was rendered on November 8, 1973.
Several issues are presented. Those which we consider to be the determining ones are: (1) Was plaintiff's motion for a new trial, which he submitted after the rendering of the judgment of November 8, 1973, filed timely? (2) If plaintiff's application for a new trial was not timely filed on that occasion, could the trial court legally grant and hold a new trial and thereafter render a valid judgment on the merits modifying or changing the original judgment of dismissal? (3) Has the judgment rendered on November 8, 1973, become final?
The accident which resulted in injuries to plaintiff occurred on October 10, 1968. This suit was filed more than one year later, on January 20, 1970. Defendant, P & M Roofing Corporation, filed an exception of prescription alleging that plaintiff's suit is barred by prescription of one year. After a hearing, judgment was rendered by the trial court on November 8, 1973, maintaining the exception of prescription filed by defendant P & M, and dismissing this suit as to that defendant at plaintiff's costs.
On December 7, 1973, that being 29 days after the above judgment of dismissal was rendered, plaintiff filed a "Motion for a New Trial," alleging in substance that within a year after the accident occurred he filed a suit based on the same cause of action in the United States District Court, for the Eastern District of Louisiana, and that P & M Roofing Corporation was one of the defendants named in that suit. He contended that the filing of that action in the Federal Court interrupted the running of the prescription pleaded by defendant. After a hearing, judgment was rendered by the trial court on January 18, 1974, granting plaintiff a new trial, recalling and setting aside the judgment of November 8, 1973, and ordering that plaintiff's petition be reinstated.
*745 The case was tried on its merits on October 12, 1978, and judgment was rendered on that date in favor of defendant, dismissing plaintiff's suit with prejudice, and ordering each party to bear its own costs. A formal decree to that effect was signed on October 16, 1978. Plaintiff filed a motion for a new trial, which ultimately was denied by the trial court, and he thereupon appealed from the judgment of dismissal rendered on October 16, 1978.
Defendant, P & M, also appealed from the judgment of October 16, 1978, alleging that it is aggrieved by the above judgment "insofar as it failed to maintain the exception of prescription filed by defendant and failed to maintain defendant's contention that plaintiff's application for a new trial in connection with the plea of prescription was not timely." The defendant also answered the appeal taken by plaintiff, praying that the judgment of the trial court be reversed or modified so as to maintain its exception of prescription, and alternatively "to maintain its contention that plaintiff's application for a new trial in connection with the plea of prescription was not timely." The issues presented by those appeals and pleadings are before us now.
As already noted, an important question presented is whether plaintiff's application for a new trial, following the rendition of the judgment of November 8, 1973, was timely filed. At the time that judgment was rendered, LSA-C.C.P. art. 1974 provided:
Article 1974: "The delay for applying for a new trial shall be three days, exclusive of holidays. This delay commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913." (Emphasis added).
Article 1913 of the Code of Civil Procedure sets out the circumstances under which it is necessary for notices of the signing of a judgment to be mailed or served. We find that under the provisions of that article it was not necessary for a notice of the signing of the judgment rendered on November 8, 1973, to be mailed to or served on anyone. The decree rendered on that date was not a default judgment, the case was not taken under advisement by the court, the judgment was read and signed on the day of the trial, and no request was made for notice of the date when the judgment was signed.
Under LSA-C.C.P. art. 1974, plaintiff was allowed three days, exclusive of holidays, within which to apply for a new trial. Since November 8, 1973, fell on a Thursday, plaintiff had until the end of the day on November 13 within which to apply for that relief. He did not apply for a new trial within that time. The delay for taking an appeal from the judgment of November 8, 1973, began to run on November 14, of that year. LSA-C.C.P. arts. 2087 and 2123. No appeal, however, has ever been taken from that judgment of dismissal. Under the above authorities it appears that the trial court had no authority to grant a new trial or to recall, set aside or modify the judgment rendered on November 8, 1973, since the application for a new trial was not timely filed. No appeal was taken, and that judgment apparently became definitive after the delays for taking appeals elapsed.
Plaintiff contends in the brief filed in this court, however, that "the delay for applying for a new trial is not at issue, there being no appellate jurisdiction over the matter," and that defendant's argument is "moot and irrelevant at this stage and posture of the proceedings." Plaintiff apparently concedes that he, or his counsel, knew that the exception of prescription was scheduled for hearing on November 8, 1973, because counsel commented in his brief that "When appellant's attorney received notice of appellee's exception of prescription set for November 8, 1973, he filed with the court a motion for a continuance. The basis for that motion was that appellant's attorney was committed to appear at the trial of a matter in a different forum on that date." He then stated that "through inadvertence or misunderstanding," he had "no notice of the fact that the hearing had taken place or that the exception had been maintained," *746 and that it was after the clerk sent notice of the judgment to him on December 5, 1973, that he moved for a new trial. The thrust of plaintiff's argument, as we understand it, is that under the above circumstances he, or his attorney, was entitled to notice of the signing of the judgment of November 8, 1973, and that the delay allowed to him for applying for a new trial did not begin to run until after that notice was mailed.
The record contains a copy of a formal notice signed by a Deputy Clerk of the trial court, dated October 29, 1973, and addressed to counsel for plaintiff, notifying the addressee that the exception of prescription filed by defendant was fixed for trial at 10:00 a. m. on Thursday, November 8, 1973. In the record, also, is a copy of a minute entry signed by a Deputy Clerk, dated November 8, 1973, reciting that in this case "Exceptions Maintain." The judgment which was rendered, read and signed on November 8, recites that "This cause came on for hearing this date on exceptions filed by defendant, P & M Roofing Corporation...."
Counsel for plaintiff filed a "Motion to Continue Exceptions" on November 2, 1973, which contains a notation at the bottom of it, dated November 5, 1973, stating "Hold and present on November 8, 1973." That motion apparently was denied on the last mentioned date.
In the record, also, is a copy of a "Certificate of Mailing Judgment," dated December 5, 1973, and signed by a Deputy Clerk, certifying that on that date a copy of the judgment of November 8, 1973, was mailed to each counsel of record. We find nothing in the record, or in any pleadings filed by plaintiff other than the above quoted remark in the brief filed in this court, which tends to show that plaintiff's counsel was unaware of the fact that a hearing on the exception of prescription took place on November 8, 1973, or that the exception was maintained on that date.
Article 1913 of the Code of Civil Procedure does not require that notice of the signing of the judgment of November 8, 1973, be mailed to or served on plaintiff under the circumstances presented here. We have concluded that the facts pointed out and argued in behalf of plaintiff are not sufficient to justify a holding that a notice of the signing of the above judgment was required or that the delay allowed for applying for a new trial from that judgment did not begin to run until after such a notice was given. The mere mailing of a notice of judgment by the clerk, when such a notice is not required, does not have the effect of extending the time within which an application for a new trial may be filed, or the time within which an appeal may be taken.
In the absence of a timely application for a new trial, a trial court cannot alter the substance of its judgment after the time allowed for applying for a new trial, and no court can alter the substance of the judgment after the time for appeal has elapsed without an appeal having been taken. Houston Oil Field Material Co. v. Pioneer Oil & Gas Co., 236 So.2d 536 (La. App. 4th Cir., 1970); Gottsabend v. Aetna Casualty and Surety Company, 273 So.2d 637 (La.App. 4th Cir., 1973).
In Houston Oil Field Material Co., supra, for instance, we said:
"The jurisprudence appears uniform that in the absence of an earlier request, a trial court cannot alter the substance of its judgment after the time for application for a new trial, and no court can alter the substance after the time for appeal."
The case of Rawls v. Domeray, 353 So.2d 414 (La.App. 4th Cir., 1977), cited by plaintiff, is not applicable because plaintiff in the instant suit was duly and formally notified of the hearing being held on November 8, 1973.
Our conclusion is that the judgment rendered by the trial court on November 8, 1973, maintaining defendant's exception of prescription and dismissing plaintiff's suit as to that defendant, became a definitive judgment when the delays for taking an appeal elapsed, that the trial court had no *747 authority to recall or set aside that judgment in response to an untimely motion for a new trial, and that we have no authority to reverse or to modify that decree on this appeal.
Having concluded that the 1973 decree cannot be reversed or modified on this appeal, it is unnecessary for us to consider the merits of plaintiff's claim or the other arguments presented in behalf of defendant.
The judgment appealed from, which decrees that plaintiff's suit be dismissed as to defendant P & M Roofing Corporation, is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.