LEAR, Judge.
Plaintiff, Kathleen Dusenbery, filed suit, individually and as natural tutrix of her two minor daughters, for damages for the wrongful death of plaintiffs’ husband and father in an accident on an oil rig. Several defendants were named, among them the partnership and/or joint venture of Bur-mont Company and McMoRan Exploration Co. (herein referred to as “Burmont/McMo-Ran”); McMoRan Exploration Co.[1] (herein referred to as “McMoRan”), Burmont Company (herein referred to as “Burmont”) and J & L Corporation (herein referred to as “J & L”). Third-party petitions were filed by Burmont/McMoRan, Burmont, McMoRan, Hart, Inc. and others, seeking indemnity and/or contribution from J & L.
During the trial on the merits, after the plaintiffs rested, J & L moved for involuntary dismissal (motion for directed verdict) under LSA-C.C.P. art. 1810(B); the court granted that motion. After defendant, Hart, Inc., rested, J & L moved for an involuntary dismissal of the third party claim of Hart, Inc. against J & L under the authority of LSA-C.C.P. art. 1810(B). The court granted that motion, and after argument and discussion with all counsel present, the court further dismissed J & L from all claims of all remaining third party plaintiffs[2], such dismissal being without prejudice. Three judgments of dismissal were signed accordingly on May 26, 1982. McMoRan, Burmont, and Burmont/McMo-Ran appealed said dismissal without prejudice. J & L then filed this motion to dismiss the appeal.
The judgment in question, a copy of which is attached as Appendix A, specifically states that on the motion of J & L and *251 pursuant to LSA-C.C.P. art. 1810(B), the claims of all parties, save plaintiff Dusen-bery and defendant Hart, against J & L, are dismissed without prejudice. However, the record contains no request by J & L for a directed verdict pursuant to LSA-C.C.P. art. 1810 against appellants. Further, under Article 1810, the court may, after hearing the plaintiff’s case and upon motion of the defendant, render judgment against the plaintiff and dismiss the suit. Because of the nature of a directed verdict, it may not be granted without prejudice. We find that the judgment rendered in favor of J & L and against appellants was not rendered pursuant to LSA-C.C.P. art. 1810.
The testimony in the record shows that appellants agreed to the dismissal of their claims without prejudice.[3] We find that the judgment of dismissal which the court rendered falls under the authority of LSA-C.C.P. arts. 1671 and 1673. A judgment of dismissal without prejudice is a final judgment and is therefore appealable. People of the Living God v. Chantilly Corporation, 251 La. 943, 207 So.2d 752 (1968); Rapides Savings & Loan Association v. Lakeview Development Corporation, 326 So.2d 511 (La.App. 3rd Cir.1976); Lee v. Carruth, 217 So.2d 718 (La.App. 3rd Cir.1969). However, in all instances in which the court has held a dismissal to be appeala-ble, the dismissal was the result of a motion by the defendant or the court and was not acquiesced in by the plaintiff. LSA-C.C.P. art. 2085. In this case, it is clear from the record that the dismissal of appellants’ claims against J & L was voluntary. For this reason, we find that the judgment in question is not appealable.
Hart, Inc. filed a motion in this court to remand the case to the trial court or to stay all proceedings in this court pending a final judgment in the trial court as to plaintiff’s main demand. Since this court ruled in the instant case that a judgment of voluntary dismissal without prejudice is not an ap-pealable judgment and has dismissed this appeal, the motion by Hart, Inc. is also dismissed.
All costs on appeal are to be shared by appellants, Burmont/McMoRan, Burmont and McMoRan.
MOTION TO DISMISS APPEAL GRANTED
MOTION TO REMAND OR STAY DENIED.
LANIER, J., concurs in the result.
APPENDIX A

JUDGMENT
On motion of defendant, J & L STEEL, INC. (J & L STEEL CORPORATION), under Article 1810(b) of the Louisiana Code of Civil Procedure, and the law and the evidence being in favor thereof;
IT IS ORDERED, ADJUDGED AND DECREED that all claims in this matter against defendant J & L STEEL (J & L STEEL CORPORATION) are hereby dismissed without prejudice, save the claims of plaintiff Dusenbery and defendant Hart, Inc. against J & L STEEL, which have been previously dismissed with prejudice.
JUDGMENT READ, RENDERED AND SIGNED at Houma, Louisiana, on this 26th day of May, 1982.
/s/ Cleveland J. Marcel. Sr.
District Judge
*252 APPENDIX B
NO. 82 CA 0680
EXCERPT FROM TRANSCRIPT OF TESTIMONY — P. 1539, Lines 11-29
MR. MEEKS: Your Honor, there was one thing. J & L had brought their motion for an involuntary dismissal on behalf of, I think, Burmont and McMoRan is who you — and the joint venture of Bur-mont-McMoRan, we will agree to a dismissal without prejudice to our third party demand against J & L Steel, Inc., corporation or supply division or whatever they are.
THE COURT: Let the minutes so reflect. That leaves only Huber with the—
MR. MUSSER: I will be willing to dismiss them without prejudice, subject to the right to reinstitute the proceedings against them if any other testimony comes in that I feel would justify keeping them in.
THE COURT: Of course, when you dismiss without prejudice, you always have that right, do you not?
MR. MEEKS: I hope so.
THE COURT: All right, dismissed without prejudice.

. Incorrectly named in the original petition as McMoran Corporation.

. Burmont, McMoRan, Burmont/McMoRan, and J.M. Huber Corporation.

. See Appendix B attached hereto.