560 So.2d 34 (1990)
O.M.E.R. S.p.A.
v.
VENDREDI II, Advantage Lift Systems, Inc. and Maquinaria Hidraulica Mexicana, S.A.
No. 89-C-1082.
Court of Appeal of Louisiana, Fourth Circuit.
April 3, 1990.
*35 Edward J. Gay, III, James A. Brown, Liskow & Lewis, New Orleans, for relator.
Dermot S. McGlinchey, Roy J. Rodney, Jr., McGlinchey, Stafford, Mintz, Cellini & Lang, P.C., New Orleans, for respondents.
Before GARRISON, BARRY and KLEES, JJ.
BARRY, Judge.
Vendrdi II seeks this Court's review of a May 5, 1989 judgment rendered pursuant to O.ME.R. S.p.A.'s motion to amend a February 9, 1989 judgment.

PROCEDURAL HISTORY AND STATEMENT OF FACTS
O.ME.R. S.p.A., an Italian manufacturer of specialized hydraulic lifts, alleged by petition that it had an exclusive contract with Vendredi II, a California corporation doing business in Louisiana, to distribute its lifts in the United States. Vendredi agreed not to manufacture or have manufactured any lift similar to those produced by O.ME.R. S.p.A. O.ME.R. S.p.A. had or was obtaining U.S. patents for its designs which allegedly were trade secrets. The contract provided for arbitration of any dispute arising under the contract.
O.ME.R. S.p.A. alleged that Vendredi pirated its machinery to Mexico for reproduction by Maquinaria Hidraulica Mexicana [Maquimex] and it planned to distribute replicas in the United States along with Advantage Lift Systems [Advantage], a California corporation formed by Vendredi's president and vice-president and doing business in Louisiana. The machines were to be exhibited and sold at the National Tire Dealers and Retreaders Trade Show in New Orleans. O.ME.R. S.p.A. cancelled the contract and filed for a temporary restraining order, a preliminary and a permanent injunction against Vendredi, Advantage, and Maquimex. O.ME.R. S.p.A.'s petition claimed fraud and violations of La. R.S. 51:1431 et seq., the Louisiana Uniform Trade Secrets Act, and La.R.S. 51:223.1, the Louisiana Anti-Dilution Law.
On September 16, 1988 the trial court granted the temporary restraining order prohibiting the demonstration, exhibition or sale of copies of O.ME.R. S.p.A. lifts at the NTDRA Trade Show to be held in New Orleans on September 16-19, 1988. The order covered the items which were part of the exclusive sales agreement and prohibited the manufacture of similar or identical lifts, the misappropriation of O.ME.R. S.p.A. trade secrets, or violation of the anti-dilution statute in Louisiana. After the trade show the TRO was dissolved on September 21, 1988 by consent and the preliminary injunction hearing date was continued indefinitely. No hearing on the injunctions was held.
Vendredi and Advantage answered the petition and reconvened against O.ME.R. S.p.A. for damages: from its attempt to terminate Vendredi's exclusive distributorship; for its alleged breach of contract by arranging to sell its products to FMC Corporation (Vendredi's most valued customer); for its scheme to steal Vendredi customers; to raise prices and minimum purchase requirements; and to destroy the reputation and goodwill of Vendredi and Advantage.
On November 17, 1988 O.ME.R. S.p.A. filed an exception of prematurity to the reconventional demand based on the arbitration provision. O.ME.R. S.p.A. claimed it had not waived its right to arbitration because of its suit for injunctive relief. On November 18, 1988 O.ME.R. S.p.A. answered the reconventional demand. On January 9, 1989 it filed an exception of no right of action as to Advantage Lift Systems' reconventional demand because Advantage had not been a party to the contract. We do not find a ruling on that exception.
A hearing on O.ME.R. S.p.A.'s prematurity exception was held on January 13, 1989. This Court has a January 13 transcript which only indicates the appearances of counsel and the trial court's statement that both sides asked for arbitration, the court believed arbitration should come first, and the exception should be maintained. Nothing further was transcribed.
On January 18, 1989 a judgment "granted" the exception of prematurity and dismissed *36 Vendredi's reconventional demands "without prejudice to Vendredi II to proceed to arbitration of its reconventional demands before the International Chamber of Commerce, as required by the subject contract between the parties." The judgment stayed all proceedings pending arbitration, and decreed that Vendredi had to institute arbitration within forty-five days from entry of the judgment. Failure to do so would result in dismissal with prejudice of Vendredi's reconventional demands.
In a January 19, 1989 letter to the trial court, counsel for Vendredi opposed that judgment and wrote (in pertinent part): "Vendredi II respectfully opposes that form of Judgment to the extent that it orders Vendredi II to institute arbitration proceedings within forty-five days from the entry of Judgment." Counsel noted that O.ME.R. S.p.A. did not request a time limitation. Counsel argued that instead of dismissing Vendredi's claim without prejudice the court should have stayed the reconventional demands until arbitration was concluded. Counsel attached a suggested judgment.
On February 8, 1989 counsel for Vendredi filed a "Consent Motion To Vacate Judgment and Enter Judgment" approved by O.ME.R. S.p.A.'s counsel. Paragraph 5 of the motion provided:
By this Motion, Vendredi II and O.ME.R. S.p.A. agree only that the form of Judgment submitted herewith accurately reflects the Court's action relative to the Dilatory Exception of Prematurity of O.ME.R. S.p.A. Vendredi II reserves all rights to seek appellate or supervisory review of the Judgment or to otherwise contest the Judgment in appropriate legal proceedings.
On February 9, 1989 the trial judge signed the following judgment:
UPON CONSIDERATION of the Dilatory Exception of Prematurity of plaintiff O.ME.R. S.p.A., the arguments of counsel, legal memoranda and the applicable law;
IT IS ORDERED, ADJUDGED AND DECREED that this Court's Judgment signed on January 18, 1989, relative to the Dilatory Exception of Prematurity of O.ME.R. S.p.A. be, and it is hereby VACATED.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Dilatory Exception of Prematurity of O.ME.R. S.p.A. be, and it is hereby GRANTED and therefore;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the reconventional demands of Vendredi II be, and they are hereby dismissed without prejudice.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that these proceedings shall be stayed pending the outcome of arbitration proceedings before the International Chamber of Commerce.
Apparently neither party pursued arbitration and on March 21, 1989 O.ME.R. S.p.A. filed a motion to amend the February 9, 1989 judgment. O.ME.R. S.p.A. alleged that it consented to the February 9, 1989 judgment (deleting the 45 day time limitation) to allow Vendredi time to seek supervisory review of the judgment as to the exception of prematurity. O.ME.R. S.p.A. noted that Vendredi did not seek supervisory review or institute arbitration. O.ME.R. S.p.A. alleged that Vendredi never intended to institute arbitration and should forfeit its right to arbitration.
A hearing was held on April 28, 1989 and counsel for O.ME.R. S.p.A. noted that since the February 9 judgment Vendredi had not pursued arbitration and his client was prejudiced because its injunctive proceedings were stayed. Counsel for Vendredi stated that the February 9 judgment was rendered pursuant to a consent motion (by both parties) and placed no burden to act upon his client. The trial court noted its understanding that Vendredi would pursue its remedy before the international body. Vendredi's counsel argued that originally the proceedings should have been stayed pending arbitration without any order to arbitrate within a certain time period. The court threatened to lift the stay. Counsel for Vendredi pointed out that confusion *37 among the parties precipitated the consent motion and February 9 judgment.
When Vendredi's counsel would not state that his client would pursue arbitration, the trial court said it would lift the stay in ten days. Counsel for Vendredi argued that the court was imposing the burden of pursuing arbitration only on his client when both parties had signed the contract containing the arbitration clause. When Vendredi's counsel argued that the February 9 judgment gave either party the option to arbitrate (without ordering it), the court told counsel not to rely upon the judgment, but rather what was said to the judge.
On May 5, 1989 the trial judge rendered the following judgment:
UPON CONSIDERATION of the Motion to Amend Judgment of plaintiff O.ME.R. S.p.A., the arguments of counsel, legal memoranda and the applicable law;
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Vendredi II must institute arbitration proceedings before the International Chamber of Commerce, as required by the subject contract between the parties, within ten (10) days from the entry of this Judgment. Vendredi II's failure to institute arbitration will result in the dismissal, with prejudice, of its reconventional demand and the lifting of the stay of the injunction proceedings instituted by plaintiff O.ME.R. S.p.A.
Vendredi filed a notice of intent to apply for supervisory writs and the trial court stayed all proceedings. Simultaneously Vendredi filed a motion for appeal which the trial judge refused to sign. In granting Vendredi time to file for a writ of mandamus, the trial court declared: "A writ has been previously granted. And in this Court's view a suspensive appeal is superfluous." Vendredi filed two writ applications which were consolidated. In no. 89-C-0977 Vendredi requested a mandamus to order the trial court to sign Vendredi's order of appeal. This Court declined supervisory jurisdiction as to that writ.
In no. 89-C-1082 Vendredi sought review of the May 5, 1989 judgment which it contended was also appealable under La.C.C.P. art. 2083. We granted that application and converted it into this appeal to be decided on briefs.

ARGUMENTS AND ANALYSIS
Vendredi argues:
1) The trial court lacked jurisdiction to entertain O.ME.R. S.p.A.'s motion to amend;
2) The trial court's May 5, 1989 judgment is contrary to the arbitration clause, beyond the scope of O.ME.R. S.p. A.'s exception, and exceeds the trial court's statutory authority;
3) The trial court's May 5, 1989 amendment of its February 9, 1989 judgment was arbitrary, capricious, and contrary to the agreements of the parties;
4) Vendredi should be granted leave to refile its reconvential demands because O.ME.R. S.p.A. has continued to pursue its principal claims in violation of the arbitration clause.
The January 18, 1989 judgment which maintained O.ME.R. S.p.A.'s prematurity exception and dismissed Vendredi's reconventional demands without prejudice (mandated by La.C.C.P. art. 933 and Official Revision Comments) was a final judgment. La.C.C.P. arts. 1841, 1915; Dusenbery v. McMoRan Exploration Co., 425 So.2d 249 (La.App. 1st Cir.1982); Pasquier, Batson & Company v. Ewing, 367 So.2d 28 (La.App. 2d Cir.1978), writ denied 368 So.2d 136 (La.1979).
A final judgment may be amended by the trial court with or without notice, on the motion of any party or on its own motion, at any time in order to alter the phraseology of the judgment but not the substance, or to correct errors of calculation. La.C.C.P. art. 1951. A final judgment cannot be substantively amended unless a motion for new trial has been filed and granted. See Villaume v. Villaume, 363 So.2d 448 (La.1978); Mellon Financial Services Corporation # 7 v. Cassreino, 499 So.2d 1160 (La.App. 5th Cir.1986).
Vendredi's January 19, 1989 letter can be construed as a motion for new trial *38 which was timely (within seven days of the January 18, 1989 judgment) pursuant to La.C.C.P. art. 1974. The letter took issue with the forty-five day time limit in the original judgment and the dismissal of Vendredi's reconventional demands with prejudice if arbitration was not timely sought.
Pursuant to a motion for a new trial the court could amend or substantively change the January 18 judgment. The February 9, 1989 judgment which maintained O.ME.R. S.p.A.'s exception of prematurity, dismissed without prejudice Vendredi's reconventional demands, and stayed all the proceedings pending arbitration, is a final judgment. La.C.C.P. arts. 1841, 1915; Rapides Savings & Loan Association v. Lakeview Development Corporation, 326 So.2d 511 (La.App. 3rd Cir.1976). Neither party takes issue with the fact that the February 9, 1989 judgment was rendered pursuant to a consent motion signed by counsel for Vendredi and O.ME.R. S.p.A.[1]
At the April 28, 1989 hearing the trial court noted that it thought Vendredi had agreed to arbitrate when the consent motion and judgment were confected, but neither the February 9, 1989 judgment nor the consent motion reflect such an agreement. We do not have jurisdiction to review that February 9 judgment (allegedly based on understandings not placed in the record) from which neither an appeal nor a writ was sought. Vendredi's writ application and motion for appeal only requested review of the May 5, 1989 judgment.
Nothing was filed within seven days of the February 9 judgment. O.ME.R. S.p.A.'s motion to amend filed March 21, 1989 cannot be considered a timely motion for a new trial. In the absence of a timely application for a new trial, a trial court cannot alter the substance of its judgment after the time allowed for the new trial motion. Zeigler v. Zeigler, 420 So.2d 1342 (La.App. 3rd Cir. 1982); Mitchell v. Louisiana Power and Light Company, 380 So.2d 743 (La.App. 4th Cir.1980). When a judgment has been substantively amended without granting a new trial, the amended judgment is invalid or null and not within the purview of La.C. C.P. art. 1951. Edwin M. Jones Oil Company v. Cobb, 469 So.2d 357 (La.App. 2d Cir.1985); Caldwell v. Shipp, 441 So.2d 808 (La.App. 2d Cir.1983).
Therefore the May 5, 1989 judgment is invalid. The February 9, 1989 judgment which vacated the January 18, 1989 judgment and maintained O.ME.R. S.p.A.'s prematurity exception, dismissed Vendredi's reconventional demands without prejudice, and stayed all proceedings pending the outcome of arbitration, is the final and definitive judgment.
Because the February 9, 1989 judgment dismissed Vendredi's reconventional demands without prejudice, that judgment shall not constitute a bar to another suit on the same cause of action. La.C.C.P. art. 1673. See LeBlanc v. Travelers Indemnity Company, 262 La. 403, 263 So.2d 337 (1972).
The May 5, 1989 judgment is hereby vacated.
JUDGMENT VACATED.
NOTES
[1] In its brief O.ME.R. S.p.A. concedes that it consented to the amended judgment, but claims the consent was based on its understanding that Vendredi would seek prompt appellate relief or institute arbitration.