577 So.2d 349 (1991)
SOUTH LOUISIANA BANK
v.
Milton J.W. WHITE, et ux.
No. CA 89 2134.
Court of Appeal of Louisiana, First Circuit.
March 28, 1991.
Kenneth Watkins, Houma, for plaintiff and appellant, South Louisiana Bank.
Edmund McCollam, Houma, for defendants and appellees, Milton J.W. White, et ux.
Before SAVOIE, CRAIN and FOIL, JJ.
CRAIN, Judge.
In this suit to annul a voluntary partition of community property, the trial court maintained a peremptory exception raising the objection of one year liberative prescription. This appeal ensued. Since the suit was not in a posture for the exception to be considered by the trial court, we reverse.
In March and July of 1983, Milton J.W. White co-signed promissory notes and executed continuing guarantees in favor of South Louisiana Bank (Bank) to obtain loans from the Bank to Terrebonne Arms, Inc. On December 12, 1985, Milton White and his wife, Betty White, executed a partial voluntary partition of community property in accordance with La. C.C. art. 2336. This partition was recorded in the public records of Terrebonne Parish on May 2, 1986. On April 15, 1988, the Bank, alleging itself to be an obligee of the community of assets formerly existing between Milton and Betty White, filed suit to annul the partition. The Whites filed exceptions raising objections of prematurity and prescription. *350 The trial judge originally heard evidence on the exceptions and maintained the objection of prematurity, staying all further proceedings. However, on a motion to reconsider, the trial judge vacated that ruling and ordered this suit consolidated with a suit filed by the bank against the Whites based on the notes and continuing guarantee. The matter was assigned to a different trial judge who reviewed the evidence taken on trial of the exception raising the objection of prescription and maintained that objection.
No objection is made to this procedure. However, our review of the record reflects that the delays for a new trial had expired when the trial judge reconsidered his judgment. The judgment was rendered on December 13, 1988; notice of judgment was mailed on December 21, 1988; a motion to reconsider was filed on January 13, 1989, long after the delay allowed by La. C.C.P. art. 1974. Consequently, his judgment was final and reconsideration inappropriate. This judgment was not appealed nor were supervisory writs requested thereform. When judgment was rendered on the objection of prescription, the suit had already been declared premature and proceedings stayed.
A trial court has no authority to grant a new trial, recall, modify or set aside a judgment when an application for a new trial has not been timely filed. Mitchell v. Louisiana Power and Light Co., 380 So.2d 743 (La.App. 4th Cir.1980). A judgment maintaining an exception of prematurity is a final judgment and cannot even be amended substantively when neither party has filed a timely motion for a new trial. O.M.E.R. S.P.A. v. Venredi II, 560 So.2d 34 (La.App. 4th Cir.1990). Since the objection of prescription was maintained in a suit that had been held premature and stayed, the judgment was without effect, leaving nothing for us to review.
In accordance with the above, we reverse and remand at the cost of appellant.
REVERSED AND REMANDED.