| /TOBIAS, Judge.
The plaintiff, Calvin Bell, appeals the granting of the defendants’ exception of prescription by the trial court. For the reasons set forth below, we reverse the judgment and reinstate the default judgment in favor of the plaintiff.
*1075 In 1990, Mr. Bell began working for the defendants, Demax Management, Inc., Thibaut HG Corporation, Thibaut Properties C Corporation, Central Village Apartments, and Maple Leaf Apartments, as an independent contractor. He alleges that the defendants informed him that he was required to carry workers’ compensation insurance, but he could not acquire a policy for himself. As a consequence, the plaintiff entered an oral agreement with the defendants whereby up to 20% of the moneys due him would be deducted for workers’ compensation insurance.
On 7 August 1996, Mr. Bell was injured while on the job. Approximately five months later, he began receiving compensation benefits. Mr. Bell also filed a tort suit against the defendants in Civil District Court for the Parish of Orleans. In response to the lawsuit, the defendants filed a motion for summary judgment contending that the tort suit was barred because the plaintiff was their employee. |sThe trial court denied the motion. That lawsuit had not been resolved at the time of the instant appeal.
The instant lawsuit was filed on 10 May 2000. In it, the plaintiff alleges that the defendants engaged in fraud and conversion of his funds. He alleges that he first learned that the defendants had not purchased a separate workers’ compensation policy for him, but instead had been paying him benefits under their own workers’ compensation policy, in the process of defending against the summary judgment. In addition, Mr. Bell alleges that, when he received a copy of .the policy, he learned that the premium was only three thousand dollars a year; he was paying between nine and twelve thousand dollars a year for coverage.
On 21 July 2000, a default was entered, and the default was confirmed by judgment against the defendants, Demax Management, Inc., Thibaut HG Corporation, Thibaut Properties C Corporation, and Central Village Apartments, on 26 July 2000.[1] On 11 August 2000, the defendants filed a motion to annul the judgment and/or for new trial. The motion for new trial was granted by the trial court, however, the court refused to consider the motion to annul. At the hearing on the motion, the trial court stated: “the court is not confident that all of that evidence was authentic and/or admissible .... [t]he judgment is out of line with, even if I took the evidence that you presented it is out of line. I’m going to grant the motion for new trial.” The record does not contain a written judgment granting the new trial. On 3 November 2000, the defendants filed an exception of prescription, which was granted and the suit was dismissed. The instant appeal followed.
|4Mr. Bell has assigned two errors in his appeal. The first is that the trial court erred in granting the defendants’ motion for new trial. The second is that the trial court erred in granting the defendants’ exception of prescription and dismissing the lawsuit.
La. C.C.P. art. 1974 allows only seven days for the filing of a motion for new trial. The motion for new trial was untimely filed by the defendants and is without legal effect. Guillot v. Consolidated Freightways, 583 So.2d 113 (La.App. 5 Cir.1991). A trial court has no authority to grant a new trial when an application for a new trial has not been timely filed. Mitchell v. Louisiana Power & Light Co., 380 So.2d 743 (La.App. 4 Cir.1980).
*1076 Because the trial court had no authority to grant the motion for new trial, it could not grant the defendants’ exception of prescription. The defendants’ only alternatives were to file an appeal from the judgment confirming the default, which time has now run, or file a petition for nullity. We do not express an opinion on the viability of such a petition, as that issue is not before the court.[2]
For the reasons set forth above, we reverse the trial court and reinstate the judgment in favor of the plaintiff. Each party shall bear its own costs.
REVERSED AND RENDERED.

. Defendant, Maple Leaf Apartments, filed an extension of time in which to file an answer. As a consequence, the plaintiff did not seek and, therefore, did not obtain, a default or judgment against it.

. We are cognizant of the reasons stated by the trial court when it granted the motion for new trial and agree that the record does not support the judgment rendered in plaintiff's favor. However, we are unable to address the validity of the judgment because the issue has not been raised on appeal.