957 So.2d 213 (2007)
Gracie S. ATKINS, et al
v.
HARCROS CHEMICALS INC., et al.
No. 2006-CA-1347.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 2007.
John L. McKnight, Jr., New Orleans, LA, In Proper Person, Appellant.
Mark R. Beebe, Ronald J. Sholes, Jason M. Cerise, Adams and Reese LLP, New Orleans, LA, for Defendant/Appellee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY, Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
Appellant, John L. McKnight, appeals from an April 2004 judgment of the trial court denying his motion to amend and modify a settlement agreement. Because Appellant's Motion for Appeal raises no appealable issues and was filed well after the delays for filing an appeal had run, the appeal is DISMISSED in accordance with Uniform Court of Appeal Rule 2-16.2(1).
Background:
During the course of a class action case styled Gracie S. Atkins v. Harcros Chemicals, Inc. et al., a settlement was entered into by the parties to the litigation and was memorialized in a document entitled "Supplemental Preliminary Settlement Agreement" executed on June 5, 1996. Section 5.52(a) of the agreement placed $1,000,000 of settlement proceeds in a donor-advised fund to be managed by the Greater New Orleans Foundation (GNOF). This section also established a "Donor Advisor Group" that was charged with consulting with GNOF regarding the distribution of grants from the Donor Fund. In June of 2003, when it became clear that the Donor Advisor Group proved unable to effectively and efficiently facilitate the distribution of grant funds, GNOF moved to modify Section 5.52(a) of the Agreement to replace the Donor Advisory Group. After a contradictory hearing on the motion in August 2003, the trial court ordered the appointment of a "Special Master" to analyze the issues and report to the court with his recommendations.
On March 16, 2004, Appellant filed a motion to amend and modify Section 5.52(a) of the Agreement, seeking to replace the GNOF with Gert Town Enterprise Economic Redevelopment, Inc., an entity associated with the Appellant. A hearing was held on the motion on April 16, 2004 and the motion was denied in open court. At this same hearing, the district court ordered the parties to hold a status conference within two weeks to discuss the Report of the Special Master and to permit the court to issue an appropriate *215 order regarding the current status of the donor fund and the constitution of the Donor Advisor Group. On April 27, 2004, the interested parties, including Mr. McKnight, participated in the aforementioned status conference. On April 30, 2004, the trial court issued a written Order memorializing the denial of Mr. McKnight's motion and ordering the reconstitution of the Donor Advisory Committee. Notice of the signing of the Order is dated May 5, 2004. The instant appeal arises from this judgment.
During our initial review of the record, we noticed that although notice of the Judgment denying Appellant's motion was issued on May 5, 2004, Appellant did not file his Motion for Appeal in the trial court until October 12, 2006, over two years later. Therefore, as a preliminary matter at the oral argument, we asked Appellant to show cause why his appeal should not be dismissed for lack of jurisdiction. Appellant's only response was that he believes he definitely filed the motion for appeal in a timely manner. The record reflects otherwise.
Although it is unclear when Appellant received notice of the signing of the judgment,[1] Appellant was present at the April 16, 2004 hearing and the April 30, 2004 status conference during which the trial court rendered its decision to deny the motion. Further, Appellant made no Request for notice of the signing of the judgment. Therefore, the delay for taking an appeal commenced to run upon the signing of the judgment. Mitchell v. Louisiana Power and Light Co., 380 So.2d 743 (La. App. 4 Cir.1980). Consequently, pursuant to Louisiana Code of Civil Procedure Article 2087, which provides that a devolutive appeal must be taken within sixty days of the expiration of the delay for applying for a new trial, Appellant's motion for appeal should have been filed in mid-July 2004. See La.Code Civ. Proc. Art.2087 (West 2007). The record clearly shows that Appellant filed his motion for appeal in the trial court in October 2006. Because Mr. McKnight's appeal was filed well after the delays for filing an appeal had run, it must be dismissed on the basis of lack of jurisdiction. Moreover, even if it had been filed timely, Appellant's appeal brief is devoid of any statement regarding any errors made by the trial court, the issues presented for review, relevant law, nor the nature of the relief sought.
In his brief, Appellant lists five assignments of error that pertain to information and/or evidence he feels was not made available to the trial judge. He specifically points to the following:
(1) the trial court did not have all of the reported information to make a denial decision; (2) yearly statements on the account were purposely omitted; (3) [lack of] document reports on GNOF involvement with the donor advisory committee; (4) the court made a ruling on another matter that was not included in the motion being heard[2]; and (5) no minutes were ever taken.
*216 In response, GNOF argues that Appellant was required to bring any evidence to the trial court's attention at the hearing on the motion and cannot introduce new evidence for the first time on appeal. Moreover, if Appellant could not have obtained this evidence with due diligence before the hearing, GNOF argues that the trial court is the proper forum for this relief, and it is the trial court that should determine whether a new trial is warranted. GNOF further argues that the allegedly missing accounting statements referenced by the appellant were produced to the trial court for an in camera inspection and that Appellant was provided with a copy of a letter to the court evidencing this, although Appellant made no attempt to obtain these statements at the trial court level. Finally, GNOF argues that the reports of the Special Master were submitted to the trial court and are part of the record. Therefore, it is GNOF's position that Appellant has raised no appealable issues. We agree.
Rule 1-3 of the Uniform Rules of the Courts of Appeal, entitled "Scope of Review," dictates that a court of appeal may only review issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise. See La. C.A. Rule 1-3 (West 2007). Clearly, Mr. McKnight takes issue with the trial court's judgment denying his motion and ordering the reconstitution of the Donor Advisory Group. However, he raises no specifications of error on the part of the trial court nor appealable issues for our review. The issues raised by Mr. McKnight are either non-appealable, because they were not raised at the trial court level, or irrelevant to this appeal. Moreover, even after oral argument, it is unclear what, if anything, Appellant would have this Court do to remedy the perceived injustice.
In conclusion, Appellant's Motion for Appeal was not timely filed and must be dismissed. Moreover, even if Appellant's motion for appeal had been filed timely, Appellant's appeal brief is devoid of facts indicating any error on the part of the trial court and presents no appealable issue for our review. Accordingly, the appeal is hereby dismissed in accordance with Uniform Court of Appeal Rule 2-16.2.
APPEAL DISMISSED.
NOTES
[1] It is unclear when Appellant actually received notice of the signing of the judgment, since the record reflects that there was no address on file for the Appellant. However, Appellant did not raise a notice argument when questioned as to why he filed his appeal two years after the statutory deadline.
[2] Appellant's assertion that the trial court's April 30, 2004 Order constitutes a ruling on the August 2003 motion filed by GNOF is inaccurate. The trial court entered the April 30, 2004 Order as a direct consequence of matters discussed during the court-ordered status conference conducted for the purpose of considering the recommendations of the Special Master.